# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRBY FITCH, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1639 C/W NO. 09-3466** |
| **WELLS FARGO BANK, N.A. f/k/a WELLS FARGO HOME MORTGAGE, INC.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Transfer Venue,[1] wherein Plaintiff seeks to have this matter transferred to the United States District Court for the Northern District of California. Having considered the motion, the response, the reply, the record, and the applicable law, for the following reasons, the Court will grant the motion and will transfer the above-captioned case to the United States District Court for the Northern District of California.

## I. Background

This case involves two putative class actions which were consolidated on August 16, 2009.[2] The first action was brought by Irby Fitch, Brittany Fitch, and Dorothy Stewart on April 14, 2008,[3] and the second action was brought by Troy Lynne Morrison on May 6, 2009.[4] Plaintiffs in both cases allege that Defendant Wells Fargo Bank, N.A. ("Defendant") improperly assessed and

---

[1] Rec. Doc. 214. Unless otherwise indicated, all citations to the record refer to the main case, Civil Action No. 08-1639.

[2] Rec. Doc. 81.

[3] Rec. Doc. 1.

[4] Civil Action No. 09-3466, Rec. Doc. 1.

1

collected Broker Price Opinion ("BPO") fees in excess of the actual costs and that Defendant's collection of these fees caused Plaintiffs to incur late charges, delinquencies, or default. Claims were originally brought under 12 U.S.C. § 2601, *et seq.* and various state laws, and both actions sought to certify a national class of plaintiffs. However, on February 1, 2010, the presiding judge at the time, Chief Judge Sarah Vance, granted a motion by Defendant to dismiss the Fitch/Stewart action, finding that the claims of those plaintiffs were barred by *res judicata*.[5] Judge Vance entered judgment in favor of Defendant and dismissed the claims of Fitch, Fitch, and Stewart on February 3, 2010.[6] Therefore, at this time, Troy Lynne Morrison ("Plaintiff") is the only remaining plaintiff in this proposed class action.

Extensive motions practice[7] preceded the reassignment of this case to this section, Section "G", on October 6, 2011.[8] Since reassignment, the only remotely substantive order issued in this action was this Court's granting of Plaintiff's unopposed motion for leave to file her Second

---

[5] Rec. Doc. 127.

[6] Rec. Doc. 129.

[7] This motions practice included the dismissal of the Fitch/Stewart claims and the dismissal of Morrison's claims brought under the Real Estate Settlement Procedures Act and the Louisiana Unfair Trade Practices Act, as well as the dismissal of Morrison's claim for breach of fiduciary duty. Additionally, according to Defendant, Judge Vance previously "denied Morrison's motion for class certification on the merits, stating that a nationwide class could not be certified, but provided the plaintiff with leave to file an amended complaint seeking to certify a class more limited in scope." Rec. Doc. 215 at p. 5 (citing Rec. Doc. 178). Plaintiffs respond that Judge Vance orally discouraged a nationwide class action but did not specifically rule on the question. Rec. Doc. 222 at p. 5. Judge Vance's order merely states, "For the reasons stated at the August 16, 2011 status conference, it is hereby ORDERED that plaintiff shall have 21 days from the date of this order to seek leave to file an amended complaint." Rec. Doc. 178. Therefore, the Court agrees that there is nothing in the record to indicate that a nationwide class action cannot be sought here.

[8] Rec. Doc. 189.

Amended Class Complaint,[9] which she did on October 31, 2011.[10] The Second Amended Class Complaint seeks to certify three possible classes: (1) a nationwide class of plaintiffs; (2) a class of plaintiffs residing in jurisdictions with state laws on breach of contract, conversion, and unjust enrichment that are substantially similar to Louisiana; or (3) a Louisiana class of plaintiffs. Discovery has also proceeded, although the parties dispute whether further discovery is needed.[11]

On February 10, 2012, a class action, *Bias, et al. v. Wells Fargo and Company, et al.* ("the *Bias* action"), was filed in the United States District Court for the Northern District of California,[12] where Defendant is headquartered.[13] According to Plaintiff, that action "arise[s] from the same or substantially identical transactions, happenings, or events and call[s] for determination of the same questions of law and fact, except that the *Bias* action is considerably more expansive -- factually, legally, and geographically."[14] Defendant has not contested these statements and characterizations regarding the overlap of the two suits,[15] and the Court finds that the governing complaint in that action supports the assertion that the claims asserted in the present action fall within those asserted in the *Bias* action.

---

[9] Rec. Doc. 193.

[10] Rec. Doc. 194.

[11] Compare Rec. Doc. 210 (Defendant believes discovery is complete) and Rec. Doc. 211 (Plaintiff believes discovery is not complete).

[12] Civil Action No. 4:12-cv-00664-YGR, Rec. Doc. 1.

[13] Rec. Doc. 214-1 at p. 2.

[14] *Id.* The *Bias* action is a nationwide class action that asserts BPO and other claims against Defendant Wells Fargo, in addition to similar claims against other banks. *Id.*

[15] *See, e.g.,* Rec. Doc. 215 at p. 2 ("While the Fitch Class Action and the Bias Class Action do involve certain related issues. . . .").

The motion now pending before this Court, which was filed on April 26, 2012, seeks to have the-above captioned action, *Fitch, et al. v. Wells Fargo Bank, N.A.*, transferred to be consolidated with the *Bias* action.[16] Defendant filed its response in opposition on May 15, 2012, wherein Defendant argues that the case should not be transferred four years after it was initially filed in the Eastern District of Louisiana.[17] Following leave of Court, on May 22, 2012, Plaintiff filed a reply in further support of her motion to transfer.[18]

## II. Law and Analysis

### A. *Standard on Motion to Transfer*

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[19] Thus, under 28 U.S.C. § 1404(a), there exists a threshold inquiry of whether the suit originally could have been brought in the venue where the action is sought to be transferred.[20] After this has been established, the court must consider whether the transfer would serve the convenience of the parties and witnesses and the interest of

---

[16] Rec. Doc. 214.

[17] Rec. Doc. 215.

[18] Rec. Doc. 222.

[19] 28 U.S.C. § 1404(a).

[20] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

4

justice.[21] Either party may move for transfer,[22] and "the same treatment and consideration should be given to the motion for transfer regardless of who [moves for transfer]."[23] The court is afforded broad discretion in deciding whether good cause exists such that transfer pursuant to Section 1404(a) will serve the interest of justice.[24]

In exercising the court's broad discretion, the court is to undertake "an 'individualized, case-by-case consideration of convenience and fairness.'"[25] In doing so, the court considers private and public interest factors first outlined by the United States Supreme Court in *Gulf Oil Corporation v. Gilbert*.[26] When looking to the private interest factors, the court considers: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[27] When looking to the public interest factors, the court considers: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws

---

[21] *See* 28 U.S.C. § 1404(a).

[22] *See Ferens v. John Deere Co.*, 494 U.S. 516, 529-530 (1990).

[23] *In re Volkswagen AG*, 371 F.3d at 204 (citing *Ferens*, 494 U.S. at 530).

[24] *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

[25] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

[26] 330 U.S. 501 (1947). *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc).

[27] *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d at 203).

[or in] the application of foreign law."[28] These private and public interest factors are "appropriate for most transfer cases" but they "are not necessarily exhaustive or exclusive"[29] and no one factor is dispositive.[30]

## B. Analysis

### 1. Proper Venue

First, the Court must determine whether Plaintiff could have brought suit against Defendant in the Northern District of California. A district court has original jurisdiction over class claims where the amount in controversy exceeds $5,000,000,[31] and Defendant admits that it is subject to personal jurisdiction in the Northern District of California.[32] For these reasons, Defendant does not dispute that the above-captioned action could have been brought in the Northern District of California,[33] and this Court finds that the Northern District of California is a proper venue for transfer.

### 2. Private Interest Factors

#### a. Relative Ease of Access to Sources of Proof

Although "access to some sources of proof presents a lesser inconvenience now than it might

---

[28] *Id.*

[29] *Id.*

[30] *Id.* ("Moreover, we have noted that 'none ... can be said to be of dispositive weight.'" (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

[31] 28 U.S.C. § 1332(d)(2).

[32] Rec. Doc. 215 at p. 8.

[33] Rec. Doc. 214-1 at p. 4; Rec. Doc. 215 at p. 8.

have" prior to the ease of electronic transfers of information, this "does not render this fact superfluous."[34] Plaintiff argues that the Northern District of California is more convenient than the Eastern District of Louisiana regarding access to sources of proof because Defendant is headquartered in California.[35] Plaintiff argues that necessary documents are likely to concern BPO *procedures*, which Plaintiff contends are more likely to be located at Defendant's headquarters than elsewhere. Defendant responds that the forums are equally convenient because the documents can be transported "with relative ease" to any location.[36]

The ease of transfer does not mean that the forums are equally convenient, and the Court finds Plaintiff's argument persuasive that relevant documents are likely to be located within Defendant's headquarters in California. As such, this factor weighs in favor of transfer.

   b. *Availability of Compulsory Process and Cost of Attendance of Willing Witnesses*

Under Federal Rule of Civil Procedure 45(c)(3)(ii), a nonparty witness may quash a subpoena if the witness would be required to travel more than 100 miles from where he lives or works. Although some witnesses will be current and former employees of Defendant whose attendance may be compelled by this Court, some may not be. As such, Plaintiff argues that Defendant is "more amenable to process" in California than in Louisiana.[37] Plaintiff acknowledges that because Defendant is a nationwide organization there is a possibility that there will be out-of-state witnesses

---

[34] *In re Volkswagen of Am.*, 545 F.3d at 316.

[35] Rec. Doc. 214-1 at p. 5.

[36] Rec. Doc. 215 at p. 8.

[37] Rec. Doc. 214-1 at p. 5.

7

no matter where the case proceeds, but Plaintiff insists that more witnesses are likely to be in the Northern District of California because Defendant is headquartered there.[38]

In response, first Defendant insists that the brokers who performed the allegedly improper BPOs are located in Louisiana.[39] This argument, however, appears to presume that only a Louisiana class of plaintiffs will be certified, and this Court will not make such an assumption. Second, Defendant argues that "the servicing employees and other employees with knowledge of the alleged 'improper' BPOs at issue" all likely reside and work in Maryland and South Carolina, where Defendant maintains its servicing centers.[40] Assuming this to be true and these parties to be relevant witnesses, there is nothing to indicate that a Louisiana forum would be more convenient than a California forum, and both forums would be beyond the subpoena power of this Court. Accordingly, it is not obvious that non-party, non-expert witnesses would be more easily obtained in Louisiana. In fact, given that the class action in California will proceed regardless of whether this case is transferred, failure to transfer could result in witnesses being called to testify in two similar class actions in two different venues, rather than in one action.

Regarding willing witnesses, the Fifth Circuit has stated that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."[41] Here, Defendant argues that Plaintiff lives in Louisiana, so attending trial here would

---

[38] *Id.*

[39] Rec. Doc. 215 at p. 9.

[40] *Id.*

[41] *In re Volkswagen AG*, 371 F.3d at 204-05.

be less costly and more convenient for her.[42] Similarly, Defendant contends that the present venue would be more convenient for all parties if a class of Louisiana plaintiffs is certified.[43] Both of these arguments fail. First, it is Plaintiff who has moved for the case to be transferred, so it is of no consequence that trial here might be less costly or more convenient for her. Second, as to the potential class of plaintiffs, again, the class certified may ultimately be from areas other than Louisiana, such that it is impossible for the Court to evaluate convenience as to these as-yet unknown persons. Additionally, the Court notes that a California venue may ultimately be more convenient for Defendant's willing witnesses, given the location of Defendant's headquarters.

For these reasons, the availability of compulsory process and the cost of attendance for willing witnesses do not clearly favor the Louisiana forum. This factor is, at best, neutral and more likely weighs in favor of transfer given the chance that witnesses may be forced to testify in both venues if transfer is not granted.

### c. Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Defendant has asserted additional reasons that transfer should be denied. First, Defendant argues that weight is to be given to plaintiff's choice of forum, which Defendant argues weighs in favor of venue in the Eastern District of Louisiana.[44] However, this argument is irrelevant because in this case it is *Plaintiff* who seeks transfer. Next, Defendant suggests that this Court should deny transfer of this matter to the Northern District of California because discovery is already underway

---

[42] Rec. Doc. 215 at p. 9.

[43] *Id.*

[44] Rec. Doc. 215 at p. 8.

here. To this, Plaintiff responds that discovery obtained here will be of equal value in a different venue[45] and that "[a]ny discovery legitimately performed in any case can be used in another case if it is relevant and material."[46] Plaintiff is correct, and the mere fact that discovery has occurred here will not weigh against transfer; any documents already produced can be transferred.

Perhaps most importantly, Plaintiff argues that it is in the interest of justice to transfer this action to the forum where a similar and more expansive class action is proceeding.[47] Plaintiff argues that such transfer would permit one federal court to decide issues common among the two class actions and would, therefore, promote judicial efficiency and minimize the danger of inconsistent judgments.[48] Plaintiff specifically notes that "the *Bias* litigation is going to go forward, with or without this case being transferred" and that "[i]f this matter is not transferred, two different courts will be deciding identical issues."[49] The Court agrees with this assessment. To deny transfer here would require two federal courts to conduct the same analyses and raise the possibility of inconsistent judgments. Because the *Bias* action is more expansive, the *Bias* court will undertake consideration of these issues regardless of whether the above-captioned matter is transferred, so it is a waste of resources for this Court to conduct those same analyses. The Court finds that this argument weighs overwhelmingly in favor of transfer.

---

[45] Rec. Doc. 214-1 at p. 6.

[46] Rec. Doc. 222 at p. 3.

[47] *Id.* at p. 2.

[48] *Id.*

[49] *Id.*

### 3. Public Interest Factors

#### a. Administrative Convenience

Plaintiff argues that there is nothing to suggest any significant administrative difficulties in proceeding in the Northern District of California.[50] Defendant responds that statistics show just the opposite, that "the judges of the Eastern District of Louisiana have significantly smaller case loads than their Northern District of California counterparts."[51] However, Defendant's argument fails to take into account the fact that the Northern District of California will be confronting the issues presented in this case, regardless of whether this action is subsumed within the *Bias* action. Therefore, this factor is neutral.

#### b. Local Interest

"It is well established that the local interest in deciding local issues at home favors transfer to a venue that will vindicate such an interest."[52] When the underlying facts of a case are overwhelmingly tied to one locale, then a court may properly consider the place of the alleged wrong when considering the local interest.[53] Here, Defendant argues that the place of the alleged wrong weighs in favor of a Louisiana forum.[54]

First, the Court finds that it is not clear that the facts of this case are overwhelmingly tied to

---

[50] Rec. Doc. 214-1 at p. 5.

[51] Rec. Doc. 215 at pp. 2-3.

[52] *R.T. Casey, Inc. v. Cordova Tel. Coop., Inc.*, No. 11-2794, 2012 WL 1188796, at *4 (E.D. La. Apr. 9, 2012) (Vance, C.J.) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)).

[53] *In re Volkswagen of Am.*, 506 F.3d 376, 387 n. 7. (5th Cir. 2007), *overturned on other grounds*, 545 F.3d at 304.

[54] Rec. Doc. 215 at p. 9.

one locale. Plaintiff argues that the improper act is actually the scheme, rather than simply the individual inflated BPOs,[55] and the Court finds this argument not unavailing. Additionally, Plaintiff presents a viable argument that the scheme was likely devised at Defendant's San Francisco headquarters[56]; whether or not this is the case, it is not clear to the Court that all actions were centered in Louisiana. In fact, even assuming that the individual BPOs were themselves the only wrongs, Defendant's argument that the alleged wrongs occurred in Louisiana appears to again assume that only a Louisiana class of plaintiffs will be certified. Once again, the Court will not make this assumption.

Defendant further argues that Plaintiff resides in Louisiana, brings Louisiana state law claims, and seeks to certify a class of Louisiana plaintiffs who were harmed by Defendant's alleged violation of Louisiana law, such that Louisiana has a great interest in this dispute.[57] Although Plaintiff does bring claims under Louisiana law, again, it is Plaintiff who seeks to have this suit transferred and Plaintiff seeks, first and foremost, a nationwide class action. Therefore, Louisiana's interest is limited to the fact that Plaintiff brings her claims under the state's law. Meanwhile, Plaintiff argues that the Northern District of California has a strong local interest in having the issues decided there because "Wells Fargo 'has regularly described its principal place of business as San Francisco, California.'"[58]

The Court finds that there exists a reasonable debate as to which locale has the stronger interest and finds this factor to be neutral.

---

[55] Rec. Doc. 222 at p. 3.

[56] *Id.*

[57] Rec. Doc. 215 at pp. 12-13.

[58] Rec. Doc. 214-1 at p. 5 (quoting *Mount v. Wells Fargo Bank, N.A.*, No. 08-6298, 2008 U.S. Dist. LEXIS 98193, at *3(C.D. Cal. Nov. 24, 2008)).

c. *Forum Familiarity and Conflicts of Law Problems*

In diversity cases, there is an interest in having a trial in the forum that is the home state to the law that will govern the case, "rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself."[59] Defendant argues that the pending matter "seeks to certify, among other things, a class of Louisiana borrowers who seek damages based on state law causes of action – breach of contract, conversion and unjust enrichment, all of which will require the application of Louisiana law to resolve."[60] Although it is true that this case will most certainly *include* Louisiana claims, it is not obvious that it will include *only* Louisiana claims. Defendant asserts that Plaintiff may be unsuccessful in certifying a nationwide class and that Louisiana law will likely govern,[61] but this Court is unwilling to assume that only a Louisiana class will be certified, rather than a nationwide class or a class with plaintiffs from states with laws similar to Louisiana. That Louisiana claims will be present could favor denying transfer, but not overwhelmingly so considering that this Court cannot determine which states' claims might be present and might predominate the eventual class action certified.

Furthermore and importantly, Defendant's argument regarding this Court's familiarity with the case fails. Defendant argues that "throughout the last four years, this Court has become well-versed in the relevant issues and has issued substantive rulings, which have limited the claims before the Court and the scope of the matter going forward."[62] Thus, Defendant argues that judicial

---

[59] *Koehring Co. v. Hyde Constr. Co.*, 324 F.2d 295, 296 (5th Cir. 1963).

[60] Rec. Doc. 215 at p. 2.

[61] *Id.* at p. 13.

[62] *Id.* at p. 2.

economy favors denying transfer because the California court "[would] have to duplicate much of the work already performed by this Court."[63] Defendant suggests that delay and prejudice would result if the matter were transferred to another forum because the transferee court would have to become familiar with the issues and Defendant would have to engage in motions practice over issues already decided.[64] However, Defendant's argument completely ignores the fact that this case was only recently transferred to *this* Court. Certainly, if this case were still before Judge Vance these arguments would deserve much weight. But the case is no longer before Judge Vance, and this Court would also be forced to verse itself on the numerous motions that were previously decided. Therefore, the Court agrees with Plaintiff that "there is no reason to suggest that this Court is any better equipped to handle such issues than the Northern District of California."[65]

### III. Conclusion

Considering all of the private and public interest factors, there exists no factor that strongly and overwhelmingly favors denial of transfer. In contrast, because another action is pending in the transferee venue that will confront the same issues presented in the above-captioned matter, the Court finds in its broad discretion that convenience and the interest of justice weigh heavily in favor of transfer. If this Court does not transfer, witnesses may be forced to testify in two separate venues regarding the same actions and both courts will be forced to consider the issues presented in this

---

[63] *Id.*

[64] *Id.* at p. 10.

[65] Rec. Doc. 214-1 at p. 6.

matter, resulting in a duplication of efforts as well as a risk of inconsistent rulings. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Venue is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case be transferred to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

**NEW ORLEANS, LOUISIANA**, this 29th day of May, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**